*GANIOTT* vs. *HAVARD.*

A judgment against the assignee of part of a debt on the ground that he acquired no interest by the assignment, forms no *res judicata* against the original creditor.

After the death of a partner, the affairs of a firm may be carried on in the social name, for the benefit of the survivor and the heir of the deceased.

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court. This action is brought on a bond, by which the defendant bound himself as surety, to one McCrummin, who had replevied a quantity of cotton, seized in an action which the plaintiff instituted against him. The petition states, that judgment was recovered against McCrummin for $800, with interest, and costs, amounting to $42 62 1-2—that he is insolvent, and that the defendant is responsible for the amount, with the exception of $300, which the plaintiff has transferred to one Hollaway, and which he does not make claim to. He states that he sues for the use of King & Beatty, and Isaac Thomas.

The defendant pleads, that the plaintiff never did transfer to King & Beatty, and Thomas, the balance due on the bond. That the matters and things growing out of the demand in the petition, have already been adjudicated on in the supreme court, and have acquired the force of *res judicata.* That the principal in the bond, McCrummin, has paid the plaintiff the amount claimed in the petition, and

**more**, for which overplus, the defendant is entitled to judgment in re-convention. And lastly, that the plaintiff cannot parcel out the bond to different persons.

There was judgment in the district court, in favor of the plaintiff, for $542 62 1-2, with interest, at five per cent. on $500, from the 26th November, 1823, until paid. The defendant appealed.

In this court, the defendant has made the following points:

1. The judgment is for $542 62 1-2, when the prayer was only for $500.

2. The attempt to prove, that the plaintiff had funds in the hands of the principal in the bond, is too vague to merit notice. *C. Code*, 2257.

3. *Res judicata.*

I. The prayer in the petition, is not for $500 alone; but for $500 and interest, and forty-two dollars 62 1-2, the amount of costs incurred, in the suit wherein the sequestration issued. There is, therefore, no foundation for this objection.

II. We think the evidence fully justified the judge *a quo*, in concluding, that the sums pleaded as a set-off, by the defendant, were

compensated by another sum, which the principal owed the plaintiff, on an account different from that for which this bond was given.

III. The plea of *res judicata*, is not supported. The judgment which is offered as evidence of it, was given in a suit where assignees of a part of this debt were plaintiffs, and their claim was rejected, on the ground, that a creditor could not, by assigning a portion of his claim to several persons, give a right of action to each against his debtor. In this case, the creditor himself, sues for the whole balance due. There are neither the same parties, nor the same subject matter.

In addition to the points filed, it has been urged in argument, that there is no such person as Beatty; that he is dead. This may be true, and the plaintiff's right to recover remain unaffected. The suit is not brought for the use of Beatty, but for the use of King & Beatty, and it is a frequent occurrence, that partnerships, by the terms of contract, last after the death of one of the members, and are continued under the *nom social* for the benefit of his heirs. The plea filed in this suit recognises this fact, for it does not assert there was no such firm as that set out in the petition, but

there was no such person as one of its mem-
bers.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.

*Thomas* for the plaintiffs, *Oakley* for the defendants.